S11A1862. VASQUEZ v. THE STATE.

(720 SE2d 621)

NAHMIAS, Justice.

Appellant Abraham Alonso Alcaraz Vasquez challenges his guilty plea to two counts of malice murder. We affirm.

On December 1, 2006, Appellant shot his pregnant girlfriend, Jitaan Hornsby, and Adam Rodriguez and Tiffany Smith; only Smith survived. On June 13, 2007, Appellant was indicted in Clayton County on two counts of malice murder, one count of feticide, six counts of aggravated assault, and three counts of firearm possession during commission of a felony. The State initially sought the death penalty but withdrew that request in mid-2009. On February 11, 2010, Appellant entered negotiated guilty pleas to two counts of malice murder, and in return the other charges were dropped. Appellant was sentenced to concurrent terms of life in prison without the possibility of parole.

On March 1, 2010, Appellant wrote a letter to the trial court requesting that he be allowed to withdraw his guilty pleas. At a hearing on April 2, 2010, Appellant testified that his attorney told him "that after 62 years of age I could be eligible to get out on parole" but did not tell him "that in order to be eligible I would have to be completely disabled" and "would have to be suffering a progressive debilitating or terminal illness."

On April 9, 2010, Appellant, now represented by new appointed counsel, filed a motion to withdraw his guilty pleas. At a hearing on October 5, 2010, Appellant testified that, at the time of his pleas, he understood both the rights he was waiving by pleading guilty and that "the offer was life without parole." Appellant further testified that his plea counsel told him "about the possibility that I could be released once I . . . become 62 years old, that's why I accepted the offer." Appellant acknowledged asking his attorney for a document stating that information and that the document she gave him "said that I could be released if I had a terminal disease. And the paper said that even . . . with a terminal disease that would not assure me to be released."

Appellant's plea counsel testified that she did not tell Appellant that his plea agreement provided for his release on parole at age 62. She confirmed that she gave him a copy of Article IV, Section II, Paragraph II (e) of the Georgia Constitution of 1983, which provides that "the State Board of Pardons and Paroles shall have the authority . . . to issue a medical reprieve to an entirely incapacitated person suffering a progressively debilitating terminal illness or parole any person who is age 62 or older." Counsel explained that she advised Appellant that he would be ineligible for parole for at least 110 years if he were convicted of all charges; that Appellant asked the difference between that outcome and taking the plea of life without parole; and that she told Appellant that the difference was whether there would be a trial. Counsel also testified that Appellant was emotional and "had compassion for the families reliving any part of the . . . crime that took place." On May 2, 2011, the trial court

denied Appellant's motion to withdraw his guilty pleas. Appellant timely appealed.

Appellant asserts that he pled guilty because his counsel erroneously advised him that he would be eligible for parole at age 62 if he did so and that he would not have pled guilty had he known that he would be sentenced to life without parole. However, Appellant's own testimony on these points was contradictory, and it was contradicted by the testimony of his plea counsel. The trial court found that Appellant "fully understood the terms of the negotiated agreement," including that "he would be sentenced to life without the possibility of parole." The court also found that Appellant's plea counsel "appropriately recommended that the defendant plead guilty, and accept a life sentence without the possibility of parole," due to the grief that a trial would cause the victims' families and the "emotion and strain" it would cause Appellant. The court's factual findings are supported by the record. Accordingly, we affirm.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Julian L. Sanders*, for appellant.

*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, appellee.